**ERICKSON TRANSPORT
CORPORATION,
Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of
America, Respondents.**

**No. 83–2435.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1984.

Decided Aug. 24, 1984.

John E. Jandera, Jandera, Gregg & Barker, Topeka, Kan., for Erickson Transport Corp.

J. Paul McGrath, Asst. Atty. Gen., Robert B. Nicholson, Marion L. Jetton, Attys., Dept. of Justice, Washington, D.C., John Broadley, Gen. Counsel, Ellen D. Hanson, Associate Gen. Counsel, Essie F. Stevens, Atty., I.C.C., Washington, D.C., for respondents.

Before ROSS, ARNOLD and FAGG, Circuit Judges.

ARNOLD, Circuit Judge.

The Interstate Commerce Commission has granted authority to Trucking Service, Inc. (Trucking), a motor common carrier, to transport alcoholic liquors either in bulk (tank truck) or non-bulk (bottled) form, between points in the contiguous 48 states. Erickson Transport Corporation petitions for review of this order. It contends that the Commission erred in granting bulk authority as well as non-bulk, and that it was error to grant Trucking the right to ship throughout the contiguous states, instead of limiting the authority to selected states specifically mentioned in the evidence.

Our recent decision in *Erickson Transport Corp. v. Interstate Commerce Commission,* 737 F.2d 775 (8th Cir.1984), governs the first issue and requires us to

vacate the ICC's order and remand for the issuance of authority restricted to non-bulk hauling. The geographical issue then becomes moot, because Trucking already has the authority, under another permit, to transport alcoholic liquors throughout the 48 contiguous states in non-bulk form.

## I.

Trucking is a Delaware corporation located in Carlinville, Illinois. It owns 48 van trailers, 2 drop flat trailers, 51 flat beds, and several refrigerated vans. At the time of its application, it had no equipment for bulk transportation of alcohol, i.e., tank trucks, cleaning machines, and so forth. The Commission took judicial notice of the fact that Trucking is "a large carrier operating under numerous pieces of authority throughout a broad territorial area" and that "[c]ertain portions of its authority are ... nationwide." *Trucking Serv., Inc., Extension—Alcoholic Beverages*, No. MC–128837 (Sub-No. 52) (ICC Sept. 8, 1983), slip op. 4. Trucking's application was supported by W.A. Taylor and Co., a wholly owned subsidiary of Hiram Walker. Taylor sells and distributes alcoholic beverages. Taylor cited nine representative origin and destination points in five states (New Jersey, Illinois, Kentucky, Ohio, and Louisiana) and projected that it would tender up to 10 non-bulk truckloads monthly, each weighing about 40,000 pounds.

Trucking did not ask for bulk authority, but the Commission granted it anyway. The Commission has taken the position that under the Motor Carrier Act of 1980, 49 U.S.C. § 10922(b)(1) (Supp. V 1981), it will automatically issue bulk authority whenever non-bulk authority is granted for a specific commodity. Erickson, which protested Trucking's application before the Commission, now brings this petition for review. Trucking has not intervened in support of its permit.

## II.

Our holding in *Erickson Transport Corp. v. Interstate Commerce Commission, supra,* is controlling. There, we noted that the Motor Carrier Act of 1980, 49 U.S.C. § 10922(b)(1)(A) (Supp. V 1981), provides that a certificate of public convenience and necessity for motor transportation may be issued only if the Commission finds that the applicant, here Trucking, is "fit, willing, and able to provide the transportation to be authorized." We went on to hold that the Commission must find, on the basis of evidence in the record, that an applicant desiring non-bulk authority is fit, willing, and able to provide bulk transportation also, if bulk authority is to be granted. The applicant bears the initial burden of establishing these facts, and a desire on the part of an applicant to transport a specific commodity in non-bulk form is not sufficient to establish that the applicant is fit, willing, and able to transport the same commodity in bulk form. Here, there is no evidence that Trucking has any intention of hauling whiskey in tank trucks, or that it has or intends to acquire the necessary equipment. Our *Erickson* opinion requires, therefore, that the ICC's order granting Trucking's permit be vacated, and the case remanded to the Commission with directions to restrict Trucking's authority to non-bulk hauling. See also *Port Norris Express Co. v. Interstate Commerce Commission*, 729 F.2d 204, 208 (3d Cir.1984), a clear holding to the same effect, cited with approval by us in *Erickson.*

## III.

It remains to consider Erickson's contention that the permit granted Trucking here should also have been limited geographically. Our holding that bulk authority was unlawfully granted makes this issue moot, because Trucking has another ICC permit, the existence and validity of which are not in issue, authorizing it to transport general commodities, including alcoholic liquors, in the contiguous 48 states in non-bulk form. Respondents' brief, p. 5 n. 4, which is not contradicted on this point by Erickson, states as follows:

> After applying for the authority in this case (but before the final Commission decision under review here), Trucking

Service sought and obtained authority to transport general commodities (except classes A and B explosives, household goods and commodities in bulk) nationwide (except Alaska and Hawaii), in No. MC–128837 (Sub-No. 54) (Certificate issued December 9, 1982). That certificate encompasses and supersedes all but the bulk portion of the authority involved here.

See also the Commission's decision below, slip op. 4 n. 2; Brief for Respondents 25 n. 14.

Thus, the bulk authority having been stricken by this Court's decision on Erickson's first issue, it no longer matters whether we agree with Erickson on its second issue. Our decision on that issue would make no difference, because whichever way it went, Trucking would still have authority to transport alcoholic liquors nationwide in non-bulk form, under the permit granted in Sub-No. 54. We do not sit to decide moot questions or render advisory opinions.

That portion of the Commission's order granting bulk authority is vacated, and the case remanded with directions to delete bulk authority from the permit granted to Trucking. In all other respects, the petition for review is dismissed as moot.

It is so ordered.

ROSS, Circuit Judge, concurring.

For the reasons set forth in Judge Arnold's opinion *ante* at 3, our recent decision in *Erickson Transport Corp. v. Interstate Commerce Commission*, 737 F.2d 775 (8th Cir.1984), governs the disposition of this case. One panel of this court is not at liberty to overrule another panel; only the court sitting *en banc* has that authority. On this basis I concur with the judgment in this case, although I write separately to express my reservations regarding our earlier *Erickson* opinion.

While it is true that courts should not "rubber-stamp * * * administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute,"

*Bureau of Alcohol, Tobacco & Firearms v. Federal Labor Relations Authority,* —— U.S. ——, 104 S.Ct. 439, 444, 78 L.Ed.2d 195 (1983) (citation omitted), it is equally well established that great deference should be accorded administrative agencies' interpretations and applications of their enabling statutes. *Id. See Illinois Terminal Railroad Co. v. Interstate Commerce Commission,* 671 F.2d 1214, 1216–17 (8th Cir.1982). Deference is presumptively afforded the agencies in these cases; therefore, the scope of review is narrow. *See Federal Election Commission v. Democratic Senatorial Campaign Committee,* 454 U.S. 27, 102 S.Ct. 38, 45, 70 L.Ed.2d 23 (1981).

In this case, the Commission found that bulk restrictions were inimical to the policy of the Motor Carrier Act of 1980 to "promote competitive and efficient transportation services in order to * * * allow the most productive use of equipment and energy resources." 49 U.S.C. § 10101(a)(2)(C) (West Pamphlet 1984). The Act provides:

(i)(1) Not later than 180 days after the date of enactment of this subsection, the Commission shall—

\* \* \* \* \* \*

(B) implement, by regulation, procedures to process expeditiously applications of individual motor carriers of property seeking removal of operating restrictions in order to—

\* \* \* \* \* \*

(iv) *eliminate unreasonable or excessively narrow territorial limitations;* or

(v) *eliminate any other unreasonable restriction that the Commission deems to be wasteful of fuel, inefficient, or contrary to the public interest.*

49 U.S.C. § 10922(i)(1) (West Pamphlet 1984) (emphasis added). The Commission's proposed policy regarding bulk restrictions is arguably consistent with section 10922(i)(1)(B)(v). The agency is uniquely qualified to make these types of policy

decisions, because it possesses the necessary expertise. Given the deferential standard of review which should be employed when reviewing these matters, I would affirm the grant of authority in this case. However, this court's earlier *Erickson* opinion has already resolved this issue, therefore, I must concur with the judgment in this case.