**UNITED STATES**

v.

**Mark I. TEBHA.**

**N.D. CA. Cr. 83–673 RFP/CEW.**

United States District Court,
N.D. California.

Feb. 8, 1984.

As Amended Feb. 13, 1984.

Robert Fourr, Asst. U.S. Atty., San Francisco, Cal., for U.S.

Arlene West, Oakland, Cal., for Tebha.

*Opinion*

WYZANSKI, Senior District Judge.[*]

The jury returned against Mark I. Tebha a verdict of guilty on Count 1 of an indictment charging him with having unlawful possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(A). That statute purports to establish as a maximum penalty in the case of a first offender—which is the situation of Tebha—imprisonment for 15 years and a fine of $25,000, plus a special parole term of at least 3 years [1].

On February 7, 1984 I imposed upon Tebha a sentence of 7 years imprisonment to be served in an institution to be designated by the Attorney General. I did not include the special parole term set forth in the last sentence of paragraph 1 of 21 U.S.C. § 841(b)(1)(A).

Thereafter the government moved to have my sentence amended to provide that Tebha should at the end of his 7 year imprisonment be placed on special parole for 3 years.

For the following reasons I deny the motion.

The provision for a special parole following the 7 year term of imprisonment is invalid both on the ground of ambiguity and on the ground of failure to indicate the precise maximum penalty for any violation of the special parole; and each of these two grounds is a denial of due process of law guaranteed by the Fifth Amendment.

■ "Parole" is a familiar, precise, technical word. It refers to the permission given to a defendant to be released from custody on the condition that he conducts himself appropriately, and on the further condition that if he is found by a court (or in some cases by an executive) to have violated that first condition, the parolee shall be returned to custody to serve all or some part of the balance of the sentence originally imposed.

---

[*] Honorable Charles Edward Wyzanski, Jr., Senior District Judge, United States District Court of the First Circuit, sitting by designation.

1. The text of 21 U.S.C. § 841(b)(1)(A) reads:
   In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, a fine of not more than $50,000, or both. Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.

■ A special parole term following the end of a 7 year sentence imposed on Tebha is either *meaningless* or, if meaningful, *unconstitutional* (a) for failure to state a fixed period of imprisonment for violation of the special parole or, alternatively, (b) for failure to give any judge at any time specific authority to determine, within statutorily defined limits, the period of imprisonment for violation of the special parole.

It cannot be said that 21 U.S.C. § 841(b)(1)(A) is confined to the limited meaning that a prisoner who has served the specific term of a sentence imposed upon him shall be subject merely to a *sanctionless* obligation to conduct himself appropriately and to report, from time to time, to some court officer. There can be no doubt that the intention of Congress—no matter how inadequately expressed—was that if during the period of the special parole the parolee failed to perform his obligations to conduct himself appropriately and to report regularly, he would be subject to some further imprisonment or fine. But whatever may have been the general purpose of Congress, it failed to indicate what would be the sanction imposed upon a disobedient parolee: the statute itself does not describe the sanction, nor does the statute vest in the original sentencing court or any other court specific authority, within statutorily defined limits, to impose a sanction upon a disobedient parolee.

■ From what has been said it is plain that there has been a lack of due process under the Fifth Amendment to the Constitution in the Congressional provision in 21 U.S.C. § 841(b)(1)(A) commanding a court to impose a special parole term of at least 3 years in addition to such term of imprisonment as the court specifically designates. The constitutional flaw is that there is no provision for notice to the potential special parolee of what will be the precise maximum penalty to which he may be subjected if he disobeys the special parole order.

In essence the situation is no different from a hypothetical statute which provides that taking feloniously the property of another constitutes the crime of larceny, but

fails to state what the sanction is if a person disobeys the command. Not since the Middle Ages, and indeed never in the United States since it has been a constitutional democracy, have judges had power to impose whatever penalty they saw fit, without any guidance from the legislature as to maximum limitations.

Obviously, the fixing of a maximum sanction is a legislative act under our form of democracy, and it violates the principle of separation of powers as well as the due process clause of the Fifth Amendment to give a judge unrestricted power to determine what shall be the sanction for disobedience of a parole order.

It must not be thought that an adequate precedent for the special parole provision of 21 U.S.C. § 841(b)(1)(A) is to be found in the inherent power of a court to impose a criminal sanction (not designated specifically by the legislature) in a case where a person has committed a contempt of court. For reasons grounded in history and perhaps also in public policy it has long been the practice to permit a court when its injunctive order has been violated, or when misbehavior has occurred in the presence of the judge, to summon a jury to find whether the person in question has been contumacious, and if he has been found to be contumacious, to subject him to such sanction as the judge may deem appropriate. (It is not necessary to consider whether by legislative action Congress has in fact severely limited what otherwise would be an inherent vast-ranging power in a federal judge to choose sanctions.)

Whatever may be said of the doctrine permitting a judge in the case of criminally contumacious conduct to choose the appropriate sanction and to impose it, that example of judicial arbitrariness is not to be extended to cover a parole violator such as is contemplated in 21 U.S.C. § 841(b)(1)(A). The policy and historical explanations of the contempt power are irrelevant.

I am not unaware that in note 657 appended to the annotated version of 21 U.S.C. § 841 there is set forth a score of cases, including some from the Court of Appeals for the Ninth Circuit, in which

respected federal tribunals have unhesitatingly applied the special parole provision set forth in 21 U.S.C. § 841(b)(1)(A). However, nothing in the cases drawn to my attention indicates that the point of want of due process or the point of violation of separation of powers had been argued before, or determined by any court. Thus the problem here presented is one of first impression. No doubt it may deserve the attention of tribunals higher in authority than this district judge.

Motion denied.