**UNITED STATES of America, Plaintiff,**

v.

**John R. LOCKLEY, Defendant.**

**Crim. A. No. CR82–460A.**

United States District Court,
N.D. Georgia,
Atlanta Div.

Aug. 29, 1984.

Richard B. Kuniansky, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

John R. Lockley, pro se.

## ORDER

SHOOB, District Judge.

Defendant was convicted upon a plea of guilty and was sentenced to a term of imprisonment followed by a term of special parole pursuant to 21 U.S.C. § 841. Defendant has moved to correct his sentence, arguing that the statutory provision of special parole violates the Due Process Clause of the Fifth Amendment to the United States Constitution.[1]

Defendant cites in support of his motion *United States v. Tebha,* 578 F.Supp. 1398 (N.D.Cal.1984) (Wyzanski, J., sitting by designation), *appeal docketed,* No. 84–1029 (9th Cir. Feb. 9, 1984). In that case the district court held:

> there has been a lack of due process under the Fifth Amendment to the Constitution in the Congressional provision in 21 U.S.C. § 841(b)(1)(A) commanding a court to impose a special parole term of at least 3 years in addition to such term of imprisonment as the court specifically designates. The constitutional flaw is that there is no provision for notice to the potential special parolee of what will be the precise maximum penalty to which he may be subjected if he disobeys the special parole order.

578 F.Supp. at 1400. The court went on to find the provision unconstitutional on other grounds:

> the fixing of a maximum sanction is a legislative act under our form of democracy, and it violates the principle of separation of powers as well as the due process clause of the Fifth Amendment to

---

**1.** Although styled a "petition for removal of special parole," the motion is in fact for correction of an illegal sentence under Rule 35(a), Fed.R. Crim.P.

give a judge unrestricted power to determine what shall be the sanction for disobedience of a parole order.

*Id.*

This Court respectfully disagrees with the reasoning of *Tebha.* The statute establishing the penalty for defendant's crime states, in pertinent part:

[A]ny person who violates [21 U.S.C. 841(a)] shall be sentenced as follows: ... In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both.... Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of ... a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment....

21 U.S.C. § 841(b)(1)(A). Another part of that statute explains the special parole term:

A special parole term imposed under this section ... may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section ... shall be in addition to, and not in lieu of, any other parole provided for by law.

21 U.S.C. § 841(c); *see also* 28 C.F.R. § 2.57 (1983) (regulation governing special parole terms).

■ These statutory provisions make clear that a person may expect to serve a maximum term of imprisonment equal to the number of years of imprisonment ordered by the court plus, if the special parole order is violated, the number of years of special parole imposed. Although the potential maximum total imprisonment is thus not fixed by statute, the maximum becomes clear at the sentencing. The defendant does receive notice, contrary to *Tebha,* of the precise maximum penalty for disobedience of the special parole order, which is the full term of the special parole.[2]

■ The determination by a judge of a maximum sanction to be applied to a particular defendant does not offend the principle of separation of powers. Every act of sentencing establishes a maximum period of punishment, and there is no constitutional requirement that sentencing statutes set a maximum beyond which a judge may not go. Where the legislature leaves to the judiciary discretion to fix a penalty, the judiciary acts in accord with its constitutional and statutory authority in imposing sentence within that discretion.

■ The Court finds that the special parole term provision of 21 U.S.C. § 841 does not violate the Due Process Clause of the Fifth Amendment to the United States Constitution and does not offend the constitutional principle of separation of powers. Therefore the Court DENIES defendant's motion to correct his sentence to remove the term of special parole.

---

**2.** *United States v. Davi,* 588 F.Supp. 91 (E.D.N.Y. 1984), which came to the Court's attention while this order was in draft and is apparently the only other case to consider *Tebha's* ruling, agrees with this view.