UNITED STATES of America, Plaintiff,

v.

**Calvin R. HOLLINS, Defendant.**

**Crim. No. 82-325.**

United States District Court,
District of Columbia.

Dec. 17, 1984.

Calvin R. Hollins, pro se.

Ina Strichartz, Asst. U.S. Atty., Washington, D.C., for plaintiff.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This matter is before the Court on defendant's motion pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure to vacate or correct "illegal sentence," the government's opposition thereto, and the entire record herein. For the reasons outlined below, the Court denies defendant's motion.

### I.

On April 28, 1983, defendant pled guilty to possession with intent to distribute a controlled substance (heroin), in violation of 21 U.S.C. § 841(a) as charged in count one of the indictment.

At defendant's sentencing on May 26, 1983, the Court suspended defendant's sentence and placed him on probation for a period of eighteen months with the imposition of special terms and conditions as follows: that defendant continue his treatment at RAP, Inc., an in-patient drug program, and that defendant comply with certain drug treatment requirements as directed by the Probation Office.

On June 15, 1983, the Probation Office submitted a "Request for Warrant" for failure to comply with the special conditions of probation, namely, to continue with his drug treatment program at RAP, Inc. The Court ordered the issuance of a bench warrant on June 22, 1983. That warrant was executed on October 6, 1983.

On November 21, 1983, the Court found defendant to be in violation of the terms of his probation. Accordingly, the Court sentenced defendant to a period of incarceration not to exceed three years, with a special parole term of three years, pursuant to 21 U.S.C. § 841(b)(1)(A). The sentence was to run concurrently with any other sentence being served.

### II.

▮ Plaintiff has filed a "Motion to Correct Illegal Sentence." He claims that the special parole provision in 21 U.S.C. § 841(b)(1)(A) violates the due process provision of the Fifth Amendment to the Constitution.[1] Specifically, plaintiff asserts that section 841(b)(1)(A) fails to give a court any authority to determine, within statutorily defined limits, a period of incarceration for a violation of the special parole term; amounts to double jeopardy by permitting the imposition of two distinct penalties; and substitutes the United States Parole Commission's judgment for the Court's in determining the length of sentence for a violation of the special parole term.

Although this Circuit has not addressed specifically the question of whether the special parole provisions of section 841(b)(1)(A) survives constitutional scrutiny, numerous courts in other circuits have rejected constitutional challenges to this section. *See United States v. Counts,* 691 F.2d 348, 349 (7th Cir.1982) (special parole term does not amount to double punishment in violation of fifth amendment); *United States v. Kuck,* 573 F.2d 25, 26–28 (10th Cir.1978) (special parole provision not unconstitutional for failure to specifically provide a maximum term; provision does not amount to double jeopardy); *United States v. Jones,* 540 F.2d 465, 467–69 (10th Cir.1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977) (special parole provision does not amount to an unlawful delegation of legislative power); *United States v. Rich,* 518 F.2d 980, 986–87 (8th Cir.1975), *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976) (special parole term not unconstitutionally vague in not delineating a maximum limit of special parole term or in not specifying

---

1. Title 21, United States Code, section 841(b)(1)(A) provides in pertinent part:

   [A]ny person who violates [21 U.S.C. § 841(a)] shall be sentenced as follows....

   In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both.... Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment....

the conditions of parole, special parole term read as providing a maximum term of parole of life; due process not violated by failure of provision to specify maximum sentence of imprisonment or parole); *United States v. Martinez*, 481 F.2d 214, 221 (5th Cir.1973), *cert. denied*, 415 U.S. 931, 94 S.Ct. 1444, 39 L.Ed.2d 489 (1974) (special parole provision does not violate due process and cruel and unusual punishment clauses of Constitution); *United States v. Simpson*, 481 F.2d 582, 583–84 (5th Cir.), *cert. denied*, 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553 (1973) (special parole provisions "do not fall below the applicable standards required by the due process clause of the fifth amendment"). This Circuit has, however, concluded that section 841(b)(1)(A) does not violate the requirement that a defendant be informed prior to accepting a plea of guilty the maximum possible penalty provided by law as outlined in Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Vela*, 606 F.2d 1224, 1225 (D.C.Cir.1979).

Defendant is cognizant of these decisions noted above, but argues that given the recent holding in *United States v. Tebha*, 578 F.Supp. 1398 (N.D.Cal.), *appeal docketed*, No. 84–1029 (9th Cir. Feb. 9, 1984), the Court must examine the question of whether section 841(b)(1)(A) passes constitutional muster.

In *United States v. Tebha*, the Honorable Charles Edward Wyzanski, Jr.[2] found the special parole provision to be unconstitutional because it fails to provide notice to the defendant of what the precise maximum penalty might be if he failed to comply with his special parole order. *United States v. Tebha*, 578 F.Supp. at 1400. The court further concluded that the provision fails to state a fixed period of imprisonment for violation of the special parole term and fails to provide a court specific authority, within statutorily defined limits, to impose the period of imprisonment for violation of his special parole term. *Id.* Finally, the court determined that because Congress failed to set the maximum sanction which could be imposed on defendant and left that decision to the unrestricted discretion of the courts, the provision violates the separation of powers clause of the Constitution.

The Court respectfully disagrees with Senior Judge Wyzanski's conclusions. Section 841(c) of Title 21, United States Code explains the special parole term:

> A special parole term imposed under this section ... may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section ... shall be in addition to, and not in lieu of, any other parole provided for by law.

21 U.S.C. § 841(c). A plain reading of the statute makes it clear that a defendant may expect to serve a maximum term of imprisonment equal to the number of years of imprisonment imposed by the court at sentencing and if the special parole order is violated, the number of years ordered in the special parole provision will also apply. A defendant does have sufficient notice of what penalties may be imposed.

Further, the failure of Congress to specifically state the maximum term that may be imposed in the special parole provision does not amount to a violation of the Constitution. As the court in *United States v. Rich*, 518 F.2d 980, explained:

> The special parole statute ... provides for a minimum parole term of [three years] following imprisonment but does not specify the maximum term of parole which can be imposed. The courts interpreted the Lindbergh Act, Ch. 271, §§ 1, 3, 47 Stat. 326, as setting a maximum

---

**2.** Judge Wyzanski, Senior District Judge, United States District Court of the First Circuit, was sitting by designation in the Northern District of California.

sentence of life although the Act explicitly permitted the court to sentence the kidnapper "in its discretion." ... Similarly, we read the special parole statute in question as providing a maximum term of parole of life. Due process is not violated by failure of a sentencing statute to specify the maximum sentence of imprisonment or parole.

*Id.* at 987 (citations omitted); *accord United States v. Jones,* 540 F.2d at 468 ("the statute is reasonably construed to validly authorize a maximum special parole term of life").

In addressing the separation of powers question, it is certainly constitutional for Congress to set outer limits of sentencing without specifically providing the precise sanction to be imposed. *See, e.g., United States v. Simpson,* 481 F.2d at 584–85. Because section 841(b)(1)(A) has been read to authorize the imposition of a life special parole with a minimum special parole period of three years, *see, e.g., United States v. Walden,* 578 F.2d 966, 972 (3d Cir.1978), the discretion left to the sentencing court to choose a sentence within these extremes is a constitutional delegation of power. *See, e.g., United States v. Jones,* 540 F.2d at 468; *United States v. Simpson,* 481 F.2d at 584–85.

Three courts have had the opportunity to review the *Tebha* decision and three have rejected its conclusions. *See Ugland v. United States,* 596 F.Supp. 156 (D.N.J., 1984); *United States v. Lockley,* 590 F.Supp. 1215 (N.D.Ga.1984); *United States v. Davi,* 588 F.Supp. 91 (E.D.N.Y.1984).

For the reasons outlined above, the Court rejects defendant's claim that section 841(b)(1)(A) is unconstitutional and, accordingly, denies defendant's motion to correct illegal sentence.