**Russell YATES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 84–2220.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 28, 1984.

Decided Jan. 16, 1985.

Robert Herman, St. Louis, Mo., for appellant.

No brief was filed for the appellee.

Before BRIGHT, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Russell James Yates appeals from the district court's denial of his motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure. We affirm.

Yates was found guilty of possession of heroin with intent to distribute, for which he was sentenced to ten years imprisonment, and possession of a firearm by a convicted felon, for which he was sentenced to two years imprisonment. See 734 F.2d 368 (8th Cir.1984). Under the authority of 21 U.S.C. § 841(b)(1)(A), a special parole term of ten years was also imposed.

Yates contends that the special parole provision of 21 U.S.C. § 841(b)(1)(A) is unconstitutional because the statute fails to delineate the maximum limit of the special parole term. Yates relies on *United States*

v. *Tebha,* 578 F.Supp. 1398 (N.D.Cal.1984), for the proposition that the special parole provision of 21 U.S.C. § 841(b)(1)(A) is violative of both his due process rights under the Fifth Amendment and the constitutional separation of powers doctrine. Our court has taken a contrary view on the due process issue in *United States v. Meirovitz,* 747 F.2d 488, 489 (8th Cir.1984), and *United States v. Sims,* 529 F.2d 10, 12 (8th Cir.1976). *See also United States v. Rich,* 518 F.2d 980, 986–87 (8th Cir.1975), *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976). We find these cases controlling. "One panel of this court is not at liberty to overrule another panel; only the court sitting *en banc* has that authority." *Erickson Transport Corp. v. Interstate Commerce Commission,* 741 F.2d 1096, 1098 (8th Cir.1984) (Ross, J., concurring). We also reject Yates' separation of powers argument. *See United States v. Jones,* 540 F.2d 465, 468 (10th Cir.1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977); *Ugland v. United States,* 596 F.Supp. 156, 158–59 (D.N.J. 1984); *United States v. Lockley,* 590 F.Supp. 1215, 1217 (N.D.Ga.1984). Accordingly, we affirm.