**UNITED STATES of America**

v.

**Pablo SEPULVEDA–SEPULVEDA.**

**Cr. No. 82–236 GG.**

United States District Court,
D. Puerto Rico.

March 29, 1985.

Everett de Jesús, Asst. U.S. Atty., Hato Rey, P.R., for U.S.

Gabriel Hernández, Old San Juan, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

Defendant Pablo Sepúlveda-Sepúlveda, together with others, was indicted for knowingly and intentionally possessing with intent to distribute 40,000 pounds of marihuana, a Schedule I, Controlled Substance in violation of 18 U.S.C. §§ 2, 7 and 3238 and Title 21 U.S.C. § 955a. After a trial, a jury found him guilty and a sentence of four years imprisonment was imposed to be followed by a special parole term of ten years. Similar sentences were imposed on other co-defendants.

Sepúlveda now files a motion to correct an alleged illegal sentence as provided by Rule 35(a) of the Federal Rules of Criminal Procedure. A previous motion seeking a reduction of sentence was denied on June 27, 1983. Defendant, *pro se*, asserts that the special parole term is unconstitutional under the due process provisions of the Fifth Amendment in that (1) it fails to indicate a fixed term to which an offender is subject; and (2) it fails to provide a judge with statutorily defined limits in which to determine a period of imprisonment. In support of his motion defendant cites *United States v. Tebha*, 578 F.Supp. 1398, N.D. Ca.1984. (Judge Wyzanski, sitting by designation).

In that case, the court concluded that the special parole term was either meaningless or, if meaningful, unconstitutional. The court further found that the statutory provision was constitutionally infirm since it fails to state a fixed period of imprisonment for violation of the special parole term or, alternatively, it fails to give the judge at any time specific authority to determine within statutorily defined limits, the period of imprisonment for a violation of the special parole term. The court noted that since a prisoner could not be held to a sanctionless obligation and Congress indicated no sanctions, defendant was not provided with due notice of the maximum penalty that could be imposed for a violation of the special parole term. Additionally, the court reasoned that since judges could not impose any penalty they deem proper with-

out legislative guidelines, this provision violates the separation of powers doctrine under Article I, § 1 of the Constitution.[1]

■ We disagree with the reasoning of *Tebha* and align ourselves with the Tenth, Fifth and Eighth Circuit Courts of Appeals upholding the constitutionality of the special parole term. 21 U.S.C. 841(b)(1)(A) All courts considering this matter have disagreed with the rationale of *Tebha*[2] which remains a lone cry from the west, albeit by an eastern judge. The *Tebha* court held that:

> ... there has been a lack of due process under the Fifth Amendment to the Constitution in the Congressional provision in 21 U.S.C. § 841(b)(1)(A) commanding a court to impose a special parole term of at least 3 years in addition to such term of imprisonment as the court specifically designates. The constitutional flaw is that there is no provision for notice to the potential special parolee of what will be the precise maximum penalty to which he may be subjected if he disobey the special parole order. *Id.* at 1400.

This is a clear misapprehension of the question involved. The special parole term is applicable only when a term of imprisonment is imposed.[3] Thus, prior to the imposition of an imprisonment term, notice of the special parole term that may be imposed is not relevant. It only becomes relevant and mandatory after the imposition of such a term, and at that time the sentencing judge informs the defendant without equivocation what is the maximum term of special parole that he is going to serve.

■ The argument that the statute constitutes both a vague and invalid delegation of legislative power, and therefore repugnant to Article 1, § 1 of the Constitution of the United States is also unpersuasive. In *United States v. Jones,* 540 F.2d 465, 468 (10th Cir.1976) the United States Court of Appeals for the Tenth Circuit authoritatively construed the statute as to validly authorize a maximum special parole term of life. Citing *Binkley v. Hunter,* 170 F.2d 848, 849 (1948) *cert. denied,* 336 U.S. 926, 69 S.Ct. 645, 93 L.Ed. 1087 (1949), the Tenth Circuit went even further and ruled that leaving the determination of maximum sentences to the court is not unconstitutional or uncommon. *See also United States v. Kuck,* 573 F.2d 25 (10th Cir.1978).

Likewise, in *United States v. Simpson,* 481 F.2d 582 (5th Cir.1973) the court held that the special parole term provided in 841(b)(1)(A) was not constitutionally vague. The court reasoned that by leaving to judicial discretion the maximum limits of the special parole term, Congress implicitly recognized "the equitable and remedial considerations which go into such a sentencing process and accordingly have deferred to the expertise of the sentencing tribunal who must deal with such problems on a case by case basis."

Finally, the 8th Circuit Court in *United States v. Rich,* 518 F.2d 980 (8th Cir.1975) also found that there was no fundamental unfairness or due process violation arising from Congress' failure to specify maximum limits to penalties. *Also see United States v. Sims,* 529 F.2d 10 (8th Cir.1976).

In sum, we find that Congress did make specific provisions in the event of violation of a special parole term and that these provisions gave defendant adequate notice of the sentence being imposed. Even though the potential maximum total impris-

---

1. Article I § 1 of the United States Constitution provides:
   All legislative powers herein granted shall be vested in a Congress of the United States which shall consist of a Senate and House of Representatives.

2. *U.S. v. Hollins,* 599 F.Supp. 311 (D.D.C.1984); *Ugland v. U.S.,* 596 F.Supp. 156 (D.N.J.1984); *U.S. v. Lockley,* 590 F.Supp. 1215 (N.D.Ga.1984); *U.S. v. Davi,* 588 F.Supp. 91 (E.D.N.Y.1984)..

3. See 841(b)(1)(B) which in relevant part prescribes:
   Any sentence imposing a term of imprisonment under this paragraph shall, in absence of such prior conviction impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.

onment is not fixed by statute, the maximum is clear at the time of sentencing. Since we conclude that the special parole term provision of 21 U.S.C. § 841 does not violate the due process clause of the Fifth Amendment to the United States Constitution, nor any other constitutional mandate, defendant's motion to correct his sentence is hereby denied.

SO ORDERED.