**Barbara WALBERG, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 912, Docket 84–2375.**

United States Court of Appeals, Second Circuit.

Submitted April 10, 1985.

Decided June 5, 1985.

Barbara Walberg, pro se.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Allyne R. Ross, Reena Raggi, Asst. U.S. Attys., Brooklyn, N.Y., on brief), for defendant-appellee.

Before MANSFIELD, KEARSE and PRATT, Circuit Judges.

KEARSE, Circuit Judge:

Petitioner *pro se* Barbara Walberg appeals from a judgment of the United States District Court for the Eastern District of New York, Jacob Mishler, *Judge,* denying her petition pursuant to 28 U.S.C. § 2255 (1982) for an order vacating so much of her criminal sentence as imposed a special parole term in excess of her term of imprisonment. Walberg contended that such special parole terms are not authorized by the Comprehensive Drug Abuse Prevention and Control Act of 1970 (the "Act"), 21 U.S.C. § 801, *et seq.* (1982), and violate the Due Process Clause of the Constitution. On appeal, she contends that the district court (1) did not consider the materials submitted in support of her petition and (2) erred in its conclusions. We disagree and affirm the order of the district court.

## I. BACKGROUND

In 1981, after a jury trial before Judge Mishler, Walberg was convicted of conspiracy to import heroin into the United States, in violation of 21 U.S.C. § 963 (1982); of unlawful importation of heroin into the United States, in violation of 21 U.S.C. §§ 952 and 960; and of unlawful possession of heroin with intent to distribute it, in violation of 21 U.S.C. § 841. On September 17, 1981, she was sentenced to concurrent two-year terms of imprisonment on each count and eight years of special parole on the substantive counts. Her conviction was affirmed by this Court *sub nom. United States v. Beltempo,* 675 F.2d 472, *cert. denied,* 457 U.S. 1135, 102 S.Ct. 2963, 73 L.Ed.2d 1353 (1982). She apparently began serving her prison terms in 1983.

In May 1984, while serving her prison terms, Walberg filed the present petition for habeas corpus, contending that her special parole term was unlawful insofar as it was to exceed the period of her incarceration. She relied on certain documents submitted in connection with legislative hearings prior to the passage of the Act and on the decision in *United States v. Tebha,* 578 F.Supp. 1398 (N.D.Cal.1984), *appeal docketed,* No. 84–1126 (9th Cir. Feb. 9, 1984), declaring the special parole requirement of the Act unconstitutional. The government submitted a memorandum of law in opposition to the petition.

Thereafter, Walberg was released from prison and, relying on the positions set forth in her habeas petition, moved for a preliminary injunction preventing the United States Parole Commission from requiring her to make any reports in connection with her special parole. The government opposed this motion by letter, stating that it would rely on the memorandum submitted in opposition to the habeas petition. The government thereafter sent Judge Mishler another letter to advise the court of the recent decision of another judge in the Eastern District in *United States v. Davi,* 588 F.Supp. 91 (E.D.N.Y.1984), which rejected the reasoning in *Tebha* and found the special parole provisions constitutional. Walberg wrote Judge Mishler on August 28, 1984 ("August Letter"), disputing the applicability of *Davi* to her case.

In a Memorandum of Decision and Order dated October 9, 1984 ("Memorandum"), Judge Mishler stated that "[p]etitioner's letter dated August 28, 1984 is treated as an application pursuant to 28 U.S.C. § 2255

to vacate the special parole term imposed on September 17, 1981," and he dismissed the petition, expressly rejecting the reasoning in *Tebha* and choosing to follow the decision in *Davi*. This appeal followed.

## II. DISCUSSION

On appeal, Walberg contends that the district court disregarded all parts of her § 2255 application except the August Letter, and thereby ignored the issues raised by her May 1984 petition. She contends that either the matter should be remanded to the district court for further consideration or this Court should consider the entire record below, and that either course will lead to the conclusions (1) that Congress did not intend that special parole terms exceed a defendant's period of imprisonment and (2) that the imposition of a special parole term in excess of imprisonment is unconstitutional. While the scope of the district court's examination of the materials presented by Walberg is not entirely clear, our own review of those materials leads us to conclude that the court did not err in dismissing the petition.

The extent to which the district court delved into the legislative history presented by Walberg in May 1984 in support of her § 2255 petition is not apparent. The court's brief Memorandum stated that the court was treating her August Letter as a § 2255 application, and it did not mention her original May 1984 petition. On the other hand, the court's decision bore the docket number assigned to that original petition, and it addressed specifically one of Walberg's central contentions, *i.e.*, the *Tebha* holding that the special parole term was unconstitutional. On the whole, we cannot say that the district court failed to recognize that Walberg's petition consisted of more than just her August Letter and to give the entire matter due consideration.

In any event, our review of the record below persuades us that Walberg's challenges to the interpretation and constitutionality of the special parole provisions lack merit.

## A. *Statutory Interpretation*

The court imposed the special parole terms on Walberg pursuant to 21 U.S.C. §§ 841(b) and 960(b). Neither the language of those sections, which have recently been amended in respects not material to the present case, *see* Comprehensive Crime Control Act of 1984 ("1984 Act"), Pub.L. 98–473, §§ 224–225, 235, 502–504, 98 Stat. 1837, 2030–33, 2068–70, nor the statutory scheme as a whole, nor the legislative history of the Act supports Walberg's contention that special parole terms were intended by Congress to be limited to the term of imprisonment.

As it read in 1981, the pertinent portion of § 841(b), which set forth the penalties for violation of § 841(a), provided first for the imposition of a fine of not more than $25,000 and a prison term of not more than 15 years, and it concluded as follows:

> Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of ... a prior [narcotics] conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(A). The pertinent part of § 960(b), which set forth the penalties for violations of § 960(a), also provided for the imposition of a fine of not more than $25,000 and a prison term of not more than 15 years, and it similarly concluded as follows:

> If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.

21 U.S.C. § 960(b)(1).

The language of §§ 841(b)(1)(A) and 960(b)(1) thus squarely contradicts Walberg's contention, for each stated that the special parole term shall be a minimum of a certain number of "years in addition to [the] term of imprisonment." *Accord United States v. Mack*, 509 F.2d 615, 616 (9th

Cir.1974) (per curiam), *cert. denied*, 421 U.S. 916, 95 S.Ct. 1578, 43 L.Ed.2d 783 (1975); *Llerena v. United States*, 508 F.2d 78, 82 (5th Cir.1975). *Cf. Bifulco v. United States*, 447 U.S. 381, 388, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980) (holding that no special parole term was authorized for a conviction for conspiracy in violation of 21 U.S.C. § 846, which mentioned only fine and imprisonment and not special parole, and emphazing the "in addition to" language of 21 U.S.C. § 841(b)(1)(B)).

The legislative history of the Act and the statutory scheme as a whole also belie any intention on the part of Congress to limit the extent of a special parole term to the length of the prison term. First, we note that the report of the House of Representatives Committee on Interstate and Foreign Commerce, in analyzing the sections of the bill that was eventually enacted, H.R. 18583, repeatedly pointed out that special parole terms were to be imposed "in addition to" any sentence of imprisonment. *See* H.R.Rep. No. 1444, 91st Cong., 2d Sess. 46–47, 78 ("H.R.Rep. 1444"), *reprinted in* 1970 U.S.Code Cong. & Ad.News 4566, 4614, 4645.

Further, while each part of §§ 841(b) and 960(b) applicable to Walberg provided that, if a prison term were imposed, there must be a special parole term of at least three years, neither of those sections contained any requirement of a minimum number of years for the prison term. The absence of a provision for a mandatory minimum prison term was an intentional element of Congress's revision of the structure of criminal penalties in 1970. *See* H.R.Rep. 1444, at 4, *reprinted in* 1970 U.S.Code Cong. & Ad. News 4570 ("the bill [which included both § 841 and § 960] revises the entire structure of criminal penalties involving controlled drugs.... With one exception [not here applicable], ... all mandatory minimum sentences are eliminated."). Since the statutory provisions provided a minimum special parole term of three years, if Walberg's contention that a special parole term could not exceed the period of imprisonment were accepted, it would mean either that a special parole term could not be imposed with respect to any sentence shorter than three years or that a prison term could not be shorter than three years. Either of these alternatives would be contrary to Congress's express intention to eliminate mandatory minimum prison terms and to compel a minimum three-year term of special parole.

Finally, §§ 841(c) and 960(c), which set forth the consequences of a violation of a special parole term, also indicate that Walberg's contention should be rejected. Section 841(c) provided, in pertinent part, as follows:

(c) A special parole term imposed under this section ... may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided for by law.

Section 960(c) set forth the same penalties for a violation of § 960's special parole terms, in virtually the same language. Since both sections provided that "the original term of imprisonment shall be increased by the period of the special parole term," it is clear that Congress did not intend the period of the prison term and the period of special parole to be congruent. As discussed in Part II.B. below, the 1984 Act has no effect on the applicability of §§ 841(c) and 960(c) to Walberg.

The portions of the legislative history relied on by Walberg do not support her position. Walberg points principally to a written comment submitted by the Department of Justice to the House of Representatives Committee on Ways and Means with respect to § 501(d) of H.R. 17463, a predecessor of H.R. 18583. *See* House Comm.

on Ways and Means, 91st Cong., 2d Sess., Prepared Statements Presented By Administration Witnesses Appearing Before the Committee On Ways And Means at Hearings on Legislation to Regulate Controlled Dangerous Substances and to Amend Narcotics And Drug Laws Together with the Administration's Proposal[,] H.R. 17463[,] and Other Material Prepared by the Department Of Justice (Comm. Print 1970) ("Prepared Statements"). The Department, in a section-by-section analysis of the bill, stated that the special parole terms included in H.R. 17643, which were similar to those eventually enacted, were not inconsistent with certain changes proposed by the National Commission on Reform of Federal Criminal Laws ("Commission"). Prepared Statements 164. The Commission's proposal did not purport, however, to deal with special parole but dealt instead with traditional parole, making recommendations with respect to the period, termination, conditions, modification, revocation, and reinstitution of parole. Thus, while the Justice Department analysis noted that the special parole provisions of H.R. 17463 were not inconsistent with these recommendations for traditional parole, it made clear that the special parole provisions were in addition to any other parole provisions:

> Subsection 501(d) describes the special parole terms which are to be applied to sentences under this act. It may be revoked if its terms are violated. If so, the original term of imprisonment shall be increased by the period of the special parole term. The resulting new term of imprisonment is not diminished by the time spent on special parole. If the parole is revoked, the defendant may be required to serve all or part of the remainder of the new term. *This special parole term is in addition to and not in lieu of any other parole provisions.*

*Id.* at 164 (emphasis added).

In sum, the language of §§ 841 and 960 clearly reflected an intent that a special parole term be a period of years in addition to the years of imprisonment, and this is consistent with the goals Congress de-scribed in the legislative history and with the statutory scheme as a whole. The materials submitted by Walberg do not require the contrary conclusion.

### B. *Constitutionality*

Walberg's attack on the constitutionality of the special parole provisions fares no better. In support of her contention that the imposition of special parole terms deprived her of due process, Walberg relies on the decision of the district court in *United States v. Tebha*, which held that the special parole provisions of the Act violated the Fifth Amendment's guarantee of due process and the principle of separation of powers. In *Tebha*, pursuant to 21 U.S.C. § 841(b)(1)(A), the court sentenced a defendant to seven years imprisonment following his conviction for possession of heroin with intent to distribute. The court refused, however, to impose a special parole term in addition to the prison term, citing two reasons. First, the court felt that because the statute did not make clear what the maximum penalty would be for a violation of special parole, the statute was unconstitutionally vague:

> A special parole term following the end of a 7 year sentence imposed on Tebha is either *meaningless* or, if meaningful, *unconstitutional* (a) for failure to state a fixed period of imprisonment for violation of the special parole or, alternatively, (b) for failure to give any judge at any time specific authority to determine, within statutorily defined limits, the period of imprisonment for violation of the special parole.

578 F.Supp. at 1400 (emphasis in original). Second, the court concluded that because the statute did not provide a maximum for the period of special parole, it violated the principle of separation of powers because "the fixing of a maximum sanction is a legislative act."

We disagree with both of the *Tebha* court's conclusions. First, although it is true that §§ 841(b) and 960(b) themselves did not specify what the penalty would be

for a violation of the special parole whose imposition was mandated by those sections, §§ 841(c) and 960(c), as they existed prior to the October 1984 amendments to the Act and continue to apply to persons such as Walberg, *see* discussion below, provided the necessary information. As set forth in Part II.A. above, §§ 841(c) and 960(c) stated that special parole imposed pursuant to §§ 841(b) and 960(b), respectively, may be revoked for violation of its terms and conditions, and "[i]n such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole."

Thus, the Act gave notice that a defendant who violates special parole may expect to serve, as a maximum penalty therefor, the term of imprisonment imposed by the court at sentencing (minus any time he actually served in prison) plus the term of special parole to which he had been sentenced. The potential maximum penalty for violation of special parole therefore becomes clear at sentencing, and the special parole terms are not unconstitutionally vague. *Accord United States v. Meirovitz,* 747 F.2d 488, 489 (8th Cir.1984) (per curiam); *Yates v. United States,* 753 F.2d 70, 71 (8th Cir.) (per curiam), *cert. denied,* — U.S. ——, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985); *see United States v. Jones,* 540 F.2d 465, 468 (10th Cir.1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977).

Although the 1984 Act enacted a partial repeal of §§ 841(c) and 960(c), effective November 1, 1986, *see* Pub.L. 98–473, §§ 224(a)(6), 225(a)(3), 235, 98 Stat. 2030–33, it provided that §§ 841(c) and 960(c) would remain effective with respect to individuals released prior to November 1, 1986, who remained subject to supervision on October 30, 1991, *see* §§ 235(b)(1)(G), 235(b)(4), 98 Stat. 2032–33; S.Rep. No. 225, 98th Cong., 1st Sess. 189 (Senate Comm. on the Judiciary report to accompany S. 1762), *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3372 ("As to an offense committed prior to the effective date [of the

1984 Act], the preexisting law will apply as to all substantive matters including the imposable sentence."). Since Walberg was released in 1984 and her eight-year special parole term subjects her to supervision until at least 1992, the 1984 Act's amendments to the Act had no effect on the special parole provisions as applied to Walberg. The maximum penalty she could expect to pay in the event she violated her special parole was determinable at the time she was sentenced and remains so.

■ As to the *Tebha* court's view that the Act's failure to specify the maximum period that may be imposed as special parole results in an impermissible delegation of legislative power to the courts, we also disagree. We view the absence of provision for a maximum period of special parole as part of Congress's desire to give the courts maximum discretion in sentencing. Thus, the Committee report stated that "[t]he bill provides criminal penalties, with sentencing provisions generally left to the discretion of the courts," H.R.Rep. 1444, at 8, *reprinted in* 1970 U.S.Code Cong. & Ad.News 4574, and added that the elimination of minimum prison sentences "give[s] maximum flexibility to judges," reasoning that "making the penalty structure in the law more flexible can actually serve to have a more deterrent effect than existing penalties...." H.R.Rep. 1444, at 11, *reprinted in* 1970 U.S.Code Cong. & Ad. News 4576. Where the court has been expressly directed to sentence a defendant to a prison term "in its discretion," *see, e.g.,* the Lindbergh Act, ch. 271, §§ 1, 3, 47 Stat. 326 (1932), courts have interpreted the statute as intending to authorize a maximum of life imprisonment. *See Bates v. Johnston,* 111 F.2d 966 (9th Cir.), *cert. denied,* 311 U.S. 646, 61 S.Ct. 17, 85 L.Ed. 412 (1940); *Bailey v. United States,* 74 F.2d 451, 452 (10th Cir.1934). *See also* current codification of Lindbergh Act, as amended, 18 U.S.C. § 1201 (1982), to clarify that imprisonment may be "for any term of years or for life." Since the legislative history of the Act reveals an intention to give judges maximum discretion and flexibility in sen-

tencing, we read that the Act's failure to provide an explicit maximum period for special parole as implicitly authorizing the imposition of any period from the minimum specified in the statute to the life of the defendant. *Accord United States v. Walden,* 578 F.2d 966, 972 (3d Cir.1978), *cert. denied,* 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979); *United States v. Rich,* 518 F.2d 980, 987 (8th Cir.1975), *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976); *see United States v. Rivera-Marquez,* 519 F.2d 1227, 1228 (9th Cir.), *cert. denied,* 423 U.S. 949, 96 S.Ct. 369, 46 L.Ed.2d 285 (1975); *see also United States v. Hernandez,* 750 F.2d 1256, 1260 (5th Cir.1985) (viewing the imposition of a special parole term as a direct order of the court and concluding that *Tebha* is unsound in light of the court's inherent power to impose a criminal sanction not specifically designated by Congress whenever a person has committed a contempt of court by disobedience to its order).

Since the explicit provision for punishment with a range of years up to the length of the defendant's life does not constitute an unconstitutional delegation of power, we conclude that Congress's implicit authorization of such a range for special parole is not constitutionally infirm. *Accord United States v. Jones,* 540 F.2d at 468; *Yates v. United States,* 753 F.2d at 71; *see United States v. Rich,* 518 F.2d at 987.

CONCLUSION

The order of the district court is affirmed.