**UNITED STATES of America, Plaintiff,**

v.

**Bruce Scott HARKINS, Defendant.**

**No. 84–763–CR–Davis.**

United States District Court,
S.D. Florida,
Miami Division.

Sept. 19, 1985.

U.S. Atty. made no appearance on this motion.

Bruce Scott Harkins, pro se.

## ORDER DENYING DEFENDANT'S MOTION FOR CORRECTION OF SENTENCE

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court upon Defendant's Motion For Correction of Sentence, pursuant to Fed.R.Crim.P. 35(a). After careful consideration, it is hereby;

ORDERED AND ADJUDGED that Defendant's Motion for Correction of Sentence is DENIED. In January 1985, Defendant appeared before this Court and was sentenced for violation of 21 U.S.C. § 841(a)(1). A sentence of eighteen (18) months with a three (3) year special parole term was imposed pursuant to 21 U.S.C. § 841(b)(1)(B).[1] Defendant contends that the special parole term is unconstitutional for two reasons. It is Defendant's position that the special parole provision runs afoul of the principal of separation of powers and is violative of due process requirements.

■ It is true that 21 U.S.C. § 841(b)(1)(B) makes a special parole term for the controlled substance offenses mandatory, specifying only required minimums for the special parole term and leaving its maximum length to the court's discretion. The Court is, however, unpersuaded by Defendant's contentions regarding the alleged unconstitutionality of the special parole provision. It is well established that a sentencing statute is not unconstitutional because it fails to specify the maximum sentence. *See, e.g., Earin v. Beto,* 453 F.2d 376 (5th Cir.), *cert. denied,* 406 U.S. 909, 92 S.Ct. 1618, 31 L.Ed.2d 819 (1972).[2] Thus, the omission of an explicit maximum term does not render the special parole provision unconstitutional. *United States v. Bridges,* 760 F.2d 151, 153 (7th Cir.1985); *United States v. Martinez,* 481 F.2d 214,

221 (5th Cir.1973), *cert. denied,* 415 U.S. 931, 94 S.Ct. 1444, 39 L.Ed.2d 489 (1974); *United States v. Simpson,* 481 F.2d 582 (5th Cir.), *cert. denied,* 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553 (1973). It has repeatedly been held that leaving the determination of maximum sentences to the court does not involve an unlawful delegation of power. *United States v. Bridges,* 760 F.2d at 153; *United States v. Jones,* 540 F.2d 465, 468 (10th Cir.1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977). Nor does the statute violate due process principles because of the broad range of sentencing power left to the courts. *United States v. Simpson,* 481 F.2d at 583–84 (statute not void for vagueness); *United States v. Martinez,* 481 F.2d at 221 (statute not violative of due process); *United States v. Jones,* 540 F.2d at 468 (same).

■ Defendant argues that the statute is unconstitutional because it fails to specify the maximum penalty for a parole violation during the special parole term, thereby depriving Defendant of the procedural due process safeguard of notice. In support of his argument, Defendant relies upon *United States v. Tebha,* 578 F.Supp. 1398 (N.D. Cal.1984) in which the district court held that 21 U.S.C. § 841(b)(1)(A) [now redesignated as 21 U.S.C. § 841(b)(1)(B) ] violates due process because it fails to provide notice for the potential special parolee of what will be the precise maximum penalty for a parole violation. 578 F.Supp. at 1400. What the *Tebha* court fails to address, however, is that another subsection within 21 U.S.C. § 841 does provide for the maximum penalty. 21 U.S.C. § 841(c). Subsection (c) of 21 U.S.C. § 841 provides that a parole violation may subject the offender to parole revocation and reimprisonment for the entirety of the special parole term, without credit for any time already spent

---

1. In 1984, 21 U.S.C. § 841 was amended by the Comprehensive Crime Control Act of 1984. *See* Pub.L. 98–473, Title II, §§ 502, 503(b)(1), (2), Oct. 12, 1984, 98 Stat. 2068, 2070. Former § 841(b)(1)(A) was redesignated § 841(b)(1)(B).

2. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

on special parole.[3] Recent court decisions have expressly rejected the *Tebha* court's analysis, and have concluded, instead, that the special parole provision of 21 U.S.C. § 841(b) is constitutional. *United States v. Bridges,* 760 F.2d at 151; *United States v. Hollins,* 599 F.Supp. 311 (D.D.C.1984); *United States v. Lockley,* 590 F.Supp. 1215 (N.D.Ga.1984); *United States v. Davi,* 588 F.Supp. 91 (E.D.N.Y.1984); *See also Unites States v. Hernandez,* 750 F.2d 1256, 1260 (5th Cir.1985); *Yates v. United States,* 753 F.2d 70 (8th Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985); *United States v. Sepulveda-Sepulveda,* 607 F.Supp. 987, 989 (D.P.R.1985). Since the consequences of parole violation are set out in 21 U.S.C. § 481(c), Defendant's argument must fail. In any event, Defendant is not near to commencement of his parole term, and issues concerning the consequences of a parole violation, if one were to occur, are not now ripe for decision. *United States v. Bridges,* 760 F.2d at 154; *United States v. Hernandez,* 750 F.2d at 1260.

---

**3.** 21 U.S.C. § 841(c) provides:

A special parole term imposed under this section or section 845 or 845a of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section or section 845 or 845a of this title shall be in addition to, and not in lieu of, any other parole provided for by law.