Hector R. SANTOS–REYES, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 89 Civ. 5850 (WCC).

United States District Court,
S.D. New York.

Dec. 21, 1989.

Hector R. Santos–Reyes, pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City, for the U.S.; Lisa Margaret Smith, Asst. U.S. Atty., of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Petitioner Hector Santos–Reyes moves *pro se* pursuant to 28 U.S.C. § 2255 and Fed.R.Crim.P. 35 to vacate his sentence as illegally imposing terms of special parole. For the reasons discussed below, petitioner's motion is granted with respect to the special parole term imposed on count four and denied in all other respects.

## BACKGROUND

On November 1, 1985, a four-count indictment was filed against Santos–Reyes and co-defendant Hector Luis Rivera. Count one charged Santos–Reyes and Rivera with conspiracy to distribute heroin in violation of 21 U.S.C. § 846. Counts two and three charged Santos–Reyes and Rivera with distributing and possessing with intent to distribute heroin on two separate occasions in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1). Count four charged Santos–Reyes and Rivera with distributing and possessing with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 812, 841(a)(1) and 841(b)(1)(A). All four offenses were alleged to have occurred between July and October 1985. On December 23, 1985, Santos–Reyes and Rivera were convicted on all four counts after a trial before Judge McMahon of this Court.

On March 20, 1986, this Court, to whom the case had been reassigned, sentenced Santos–Reyes to concurrent terms of imprisonment of eight years on each of the four counts to be followed by concurrent special parole terms [1] of three years on counts two through four.

---

1. If the terms and conditions of a special parole term are violated, the original term of imprison-

Santos–Reyes appealed the judgment of conviction on the grounds that 1) he had not received a fair and impartial trial due to limitations on cross-examination and the treatment of his counsel by the court and 2) a tape recording and transcript of a telephone conversation were not properly received in evidence. On September 14, 1987, the Court of Appeals for the Second Circuit affirmed the judgment of conviction without opinion. *United States v. Santos–Reyes*, 831 F.2d 284 (2d Cir.1987).[2]

In the present motion, Santos–Reyes raises two grounds in challenging the legality of his special parole sentence. He alleges that the sentence conflicts with the mandates of 21 U.S.C. 841(a)(1) and also deprives him of his constitutional right to due process.

## DISCUSSION

### I.  Statutory Claims

■ Petitioner's sentence was imposed pursuant to the version of section 841 in existence from October 12, 1984 through October 27, 1986. Under section 841(a)(1), it was unlawful for any person to knowingly or intentionally distribute or possess with intent to distribute a controlled substance. Accompanying penalties were set forth in sections 841(b)(1)(A), (B) and (C). Section 841(b)(1)(B) provided in relevant part:

> In the case of a controlled substance in schedule I or II except as provided in subparagraphs (A) and (C), such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $125,000, or both.... Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole

term of at least 6 years in addition to such term of imprisonment.

This section was in effect both at the time Santos–Reyes committed the distribution offenses charged in counts two and three and at the time of his sentencing. As discussed more fully below, it required the imposition of a special parole term in addition to a term of imprisonment.

Part of the confusion concerning special parole terms under section 841 relates to the section's tangled legislative history. As traced in the government's response to petitioner's motion, prior to October 12, 1984, the relevant section setting the penalties for defendant's offense would have been section 841(b)(1)(A) and not section 841(b)(1)(B), which only applied to the sale of controlled substances that were not narcotic drugs, thereby excluding heroin. That earlier version of section 841(b)(1)(B) ("old" section 841(b)(1)(A)) provided that any sentence imposing a term of imprisonment thereunder also impose a special parole term of at least three years.

On October 12, 1984, Congress enacted the Comprehensive Crime Control Act of 1984 (the "1984 Act"). Pub.L. No. 98–473, 98 Stat. 2068. "Old" sections 841(b)(1)(A) and (B) were transformed into sections 841(b)(1)(B) and (C) respectively and a new section 841(b)(1)(A) was created. The new section 841(b)(1)(A), which was ultimately replaced in October 27, 1986 with the current section 841(b)(1)(A), applied to offenses involving 100 grams or more of a controlled substance containing a detectable amount of a narcotic drug, with some exceptions not relevant here. Section 841(b)(1)(A) also omitted the mandatory three-year special parole term. *See Id.* § 502(1). As petitioner was sentenced under section 841(b)(1)(A) on count four, the government concedes that the special parole term imposed on count four must be vacated.

---

ment is increased by the period of the special parole term and the new term of imprisonment is not diminished by the time spent on special parole. 21 U.S.C. § 841(c).

**2.** Although Santos–Reyes did not raise his present claim on direct appeal, his claim of illegality is cognizable under Fed.R.Crim.P. 35(a) as applied to offenses committed prior to November 1, 1987. *See United States v. Schiff*, 876 F.2d 272, 274 (2d Cir.1989).

As previously discussed, section 841(a)(1)(B), as it existed when petitioner was sentenced on counts two and three, required a special parole term. Section 224 of the 1984 Act provided for the deletion of the language mandating special parole terms in "old" sections 841(b)(1)(A) and (B), which became (B) and (C) under the 1984 Act, but this deletion was not to take effect until November 1, 1986.[3] Thus, section 224 had no effect on the requirement of the special parole term under section 841(a)(1)(B) at the time petitioner was sentenced.[4] *See United States v. Brown,* 715 F.Supp. 66 (S.D.N.Y.1988); *see also, Urena v. United States,* No. 87 Civ. 2327, slip op. at 2, 1987 WL 47370 (S.D.N.Y. Sept. 4, 1987) (upon reargument, court determined that the version of § 841(b)(1)(B) in effect from October 12, 1984 through October 27, 1986 specifically required a special parole term). Petitioner's special parole terms on counts two and three fully comply with section 841(b)(1)(B) as it existed when petitioner was sentenced and are hereby upheld.

## II. Constitutional Claims

 Petitioner cites only one case to support his argument that special parole terms deny his constitutional right to due process, *United States v. Tebha,* 578 F.Supp. 1398 (N.D.Cal.1984). However, the Ninth Circuit Court subsequently declined to follow *Tebha, see United States v. Arellanes,* 767 F.2d 1353 (9th Cir.1985), and the *Tebha* decision was ultimately reversed, *see United States v. Tebha,* 770 F.2d 1454 (9th Cir.1985). Moreover, the Second Circuit Court has determined that special parole provisions are not unconstitutional because they fail to set a fixed period for imprisonment for violation of the special parole term or result in an impermissible delegation of power to the courts. *See Walberg v. United States,* 763 F.2d 143 (2d Cir. 1985); *see also, United States v. Meirovitz,* 747 F.2d 488 (8th Cir.1984) (per curiam) (special parole terms not unconstitutionally vague); *United States v. Jones,* 540 F.2d 465 (10th Cir.1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977) (special parole terms not void for vagueness or unlawful delegation of power). Because the Second Circuit Court, consistent with other appellate courts which have examined this issue, has clearly rejected constitutional challenges to special parole terms, petitioner's constitutional objections are without merit.

## CONCLUSION

For the reasons set forth above, petitioner's motion is granted to the extent of vacating the special parole term on count four. The motion is denied in all other respects.

SO ORDERED.

---

3. Section 224 provided:
    The Controlled Substances Act (21 U.S.C. 801 et seq.) is amended as follows:
    (a) Section 401 (21 U.S.C. 841) is amended—
    (1) in subsection (b)(1)(A), by deleting the last sentence;
    (2) in subsection (b)(1)(B), by deleting the last sentence; ...
    Section 224 of the 1984 Act, 1984 U.S.Code Cong. & Admin.News (98 Stat.) 2030–31. As the government notes, the last sentence in sections 841(b)(1)(A) and (B) imposed the special parole term. Section 235 of the 1984 Act set the effective date for this provision as "the first day of the first calendar month beginning twenty-four months after the date of enactment." The dele-

tion provision was subsequently delayed in its effective date and ultimately repealed without becoming effective by the Anti–Drug Abuse Act of 1986, effective October 27, 1986, Pub.L. No. 99–570, § 1002–04, 100 Stat. 3207, which also repealed sections 841(a)(1)(A), (B), and (C) and replaced them with new sections. The new sections are irrelevant to the issue now before this Court.

4. The cases cited by petitioner, such as *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) and *United States v. Phungphiphadhana,* 640 F.Supp. 88 (D.Nev.1986), do not support his argument as they do not involve sentences imposed pursuant to section 804(b)(1)(B).