16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Christopher Pierson PETTIGREW, Appellant.
 No. 93-3243.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 20, 1994.
Filed: February 1, 1994.
 
 Before McMILLIAN, MAGILL and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Christopher Pettigrew appeals his 240-month sentence imposed by the district court[1] after he pleaded guilty to conspiracy to distribute cocaine base within 1,000 feet of a public playground, in violation of 21 U.S.C. Secs. 841(a)(1), 846, and 860. We affirm the judgment of the district court.
 
 
 2
 In the plea agreement, Pettigrew affirmed that he understood the offense involved 50 grams or more of cocaine base and that he was subject to a mandatory minimum penalty of 10 years imprison-ment. He agreed to cooperate with the government. Under the agreement, the government would exercise its discretion to move for a downward departure pursuant to U.S.S.G. Sec. 5K1.1, p.s. or 18 U.S.C. Sec. 3553(e) if Pettigrew's cooperation was "substantial." The presentence report (PSR) indicated a base offense level of 40, a 4-level enhancement for his leadership role, and a 3-level reduction for acceptance of responsibility. The ensuing total offense level of 41, together with Pettigrew's criminal history category of III, resulted in a Guideline sentencing range of 360 months to life imprisonment.
 
 
 3
 At sentencing, the district court found a statutory range of 10 years to life imprisonment and a Guideline range of 360 months to life imprisonment. The government made a substantial assistance motion under Sec. 5K1.1, but not under Sec. 3553(e), and recommended 23 years imprisonment. Pettigrew argued that, under 18 U.S.C. Sec. 3553(a), the district court had discretion to depart downward from a Guideline sentence mandated by 18 U.S.C. Sec. 3553(b), conceding that this argument had been rejected by this court. He also argued that a Sec. 5K1.1 motion automatically creates a Sec. 3553(e) issue and, thus, the district court could depart below the statutory mandatory minimum sentence without a Sec. 3553(e) motion, conceding this court had also rejected this argument.
 
 
 4
 The district court sentenced Pettigrew to 240 months imprison-ment, 10 years supervised release, $320 restitution, and a $5,000 fine. The district court found that the Eighth Circuit had rejected both of Pettigrew's arguments concerning the need for a Sec. 3553(e) motion in order to depart below a statutory mandatory minimum sentence. The district court further noted that it did not believe Pettigrew was entitled to a sentence below 10 years in any event because of the large amount of cocaine involved, Pettigrew's criminal history, and the fact that Pettigrew was a major player in a very large crack cocaine network. The district court found that the 240-month sentence adequately reflected the seriousness of the offense and adequately punished Pettigrew for his conduct.
 
 
 5
 A panel of this court is bound by prior Eighth Circuit decisions unless those cases are overruled by this court sitting en banc. Yates v. United States, 753 F.2d 70, 71 (8th Cir.) (per curiam), cert. denied, 471 U.S. 1022 (1985). Pettigrew's position-that a district court has discretion under Sec. 3553(a) to depart from a Guideline sentence mandated by Sec. 3553(b) and thus is not bound by the Guidelines-was rejected by this court in United States v. Johnston, 973 F.2d 611, 613 (8th Cir. 1992), cert. denied, 113 S. Ct. 1019 (1993).
 
 
 6
 Pettigrew also argues that a district court may depart below a statutory mandatory minimum even when the government brings only a Sec. 5K1.1 motion and not a Sec. 3553(e) motion-a contention which this court rejected in United States v. Rodriguez-Morales, 958 F.2d 1441, 1442-47 (8th Cir.) (holding that only government motion based on Sec. 3553(e) allows court to depart below a mandatory minimum), cert. denied, 113 S. Ct. 375 (1992). The district court made it clear that it would not depart below 10 years even if it had authority to do so and made findings as to why Pettigrew did not deserve a sentence less than 20 years. Cf. United States v. Simpkins, 953 F.2d 443, 446 (8th Cir.) (harmless error analysis), cert. denied, 112 S. Ct. 1988 (1992).
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa