**UNITED STATES of America**

**v.**

**Charles DAVI, Defendant.**

**No. 80 CR 75 (ERN).**

United States District Court,
E.D. New York.

July 18, 1984.

Charles Davi, pro se.

MEMORANDUM ORDER

NEAHER, District Judge.

Defendant, a Federal prisoner convicted in this Court, has filed a motion to correct a claimed illegal sentence as provided by Rule 35(a), Fed.R.Crim.P. His previous motion seeking a reduction of sentence was denied on September 2, 1983.

The ground of the present motion is that defendant's seven-year sentence and five-year special parole term constitutes cruel and unusual punishment violative of the Eighth Amendment. In support of that contention, defendant relies on a recent decision of Judge Wyzanski (sitting in the Northern District of California) holding that the mandatory special parole term provided for in 21 U.S.C. § 841(b)(1)(A)

> "is either *meaningless* or, if meaningful, *unconstitutional* (a) for failure to state a fixed period of imprisonment for violation of the special parole, or, alternatively, (b) for failure to give any judge at any time specific authority to determine, within statutorily defined limits, the period of imprisonment for violation of the special parole."

*United States v. Tebha,* 578 F.Supp. 1398, 1400 (N.D.Calif.1984) (emphasis in original).

Contrary to defendant's contention, this Court finds that Congress made specific provision for further punishment in the event of violation of a special parole term. Section 841(c) clearly provides that if a special parole term imposed under § 841 is violated, it may be revoked and the defendant's term of imprisonment increased "by the *period* of the special parole term and the resulting term of imprisonment shall not be diminished by the time which was spent on parole." (Emphasis by the Court.) Thus it is clear, contrary to the holding in *Tebha,* that Congress did provide a specific sanction for violation of a special parole term.

Accordingly, defendant's motion is in all respects denied.

SO ORDERED.