UNITED STATES of America

v.

Calogero MANNINO, a/k/a "Charlie", Defendant.

No. S 84 Cr. 1001 (PKL).

United States District Court, S.D. New York.

Nov. 25, 1991.

See also 625 F.Supp. 1460.

Jess Fardella, Asst. U.S. Atty., S.D.N.Y., New York City, for U.S.

Calogero Mannino, pro se.

## ORDER

LEISURE, District Judge.

Petitioner Calogero Mannino ("Mannino") moves *pro se* under Fed.R.Crim.P. 35(a) to set aside and correct his sentence to the extent of vacating the five-year term of special parole imposed by the Court. The Court has carefully reviewed petitioner's application, contained in an affidavit, sworn to on October 15, 1991 ("Defendant's Affidavit"), and a letter, dated November 5, 1991, from Assistant United States Attorney Jess Fardella, submitted in response to the motion. For the following reasons, the motion is denied.

On October 3, 1985, Mannino pled guilty to Counts one, twenty-three, twenty-four, twenty-five, twenty-six, twenty-eight and twenty-nine of a twenty-nine Count superseding indictment, S 84 Cr. 1002 (PKL), filed on July 9, 1985. Count one charged defendant with conspiracy to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) & 841(b)(1)(B). For the purposes of the instant motion, the remaining Counts can be separated into two categories. The first category involved violations of 21 U.S.C. §§ 812, 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2, occurring prior to amendments to these statutes embodied in Pub.L. 98–473, Section 502, effective October 12, 1984. Count twenty-three charged Mannino with distribution, and possession with intent to distribute, of approximately 245.95 grams of heroin and diluents on or about May 17, 1984. In Count twenty-four, defendant was charged with distribution, and possession with intent to distribute, of approximately .10 grams of heroin and diluents on or about July 3, 1984. Count twenty-five charged Mannino with distribution, and possession with intent to distribute, of ap-

proximately .05 grams of heroin and diluents on July 10, 1984. Count twenty-six was the final offense in this category, involving distribution, and possession with intent to distribute, of approximately .22 grams of heroin diluents on or about September 19, 1984.

The second category of offenses involved violations of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) & 845a, as amended or added by Pub.L. 98–473, Sections 502 & 503(a), effective Oct. 12, 1984, and 18 U.S.C. § 2. Count twenty-eight charged Mannino with distributing, within 1000 feet of a school, approximately 122.83 grams of heroin and diluents on or about Oct. 12, 1984. Finally, Count twenty-nine charged defendant with distributing, and possessing with intent to distribute, approximately 122.61 grams of heroin and diluents on or about October 17, 1984.

On January 27, 1986, Mannino received concurrent six year sentences on each of Counts one, twenty-three, twenty-four and twenty-five. Defendant also received concurrent six year sentences on each of Counts twenty-six, twenty-eight and twenty-nine, but execution of these sentences was suspended. In addition to the term of confinement, Mannino was sentenced to a five-year term of special parole, pursuant to 21 U.S.C. § 841, to begin upon completion of the prison sentence, and it is this sentence of special parole that defendant challenges in the instant motion. Finally, Mannino received a special mandatory assessment of $50.[1]

In seeking elimination of his sentence of special parole, Mannino's instant motion relies on the tortured history of 21 U.S.C. § 841. An early example of the jurisprudential thicket surrounding this statute is *Bifulco v. United States*, 447 U.S. 381, 400, 100 S.Ct. 2247, 2258, 65 L.Ed.2d 205 (1980). In *Bifulco* the Supreme Court held that special parole was an improper sentence

---

**1.** The post-sentencing history of this case has included two prior motions by defendant for reduction and correction of his sentence, pursuant to Fed.R.Crim.P. 35(a) and 18 U.S.C. § 3568. These motions were denied by Orders of the Court dated July 30, 1986 and October 4, 1988. The Court denied Mannino's motion to reconsider the October 1988 Order by Order dated December 6, 1988.

for those convicted of conspiracy to violate section 841, even though this sentence was mandatory for those convicted of the substantive offenses the statute prohibited.[2]

Similarly, a series of amendments to the statute, including the Controlled Substances Penalties Amendments Act, Pub.L. 98–473, Tit. II, ch. V, 98 Stat. 2068 (effective Oct. 12, 1984), and the Sentencing Reform Act, Pub.L. 98–473, Tit. II, ch. II, 98 Stat. 1987 (effective October 27, 1986), led to further confusion. One inconsistency resulting from the amendments of October 12, 1984 was the creation of "a peculiar situation in which small-time offenders were subject to special parole, while big-time offenders were not." *Gozlon–Peretz v. United States,* — U.S. ——, 111 S.Ct. 840, 844, 112 L.Ed.2d 919 (1991). Yet another source of confusion was the impact of the effective date of the statutory provisions replacing the system of special parole with the supervised release program. This confusion was finally resolved by *Gozlon–Peretz, supra,* 111 S.Ct. at 849, which held that Congress "intended narcotics offenders to receive supervised release for crimes committed between October 27, 1986 and November 1, 1987." *See also Black v. United States,* 929 F.2d 79, 80–81 (2d Cir. 1991) (per curiam).

Mannino's instant motion asserts that several courts "have concluded that a term of special parole or supervised release is not an authorized sentence for violators of Section 841(b), where, as in this case, the offense occurred between the effective dates of the two statutes." Defendant's Affidavit ¶ 5, at 2. In fact, defendant's legal arguments are correct: after the 1984 amendments, effective on October 12, 1984, special parole was not a proper post-detainment sentence for the crime of possession of large quantities of narcotics, including 100 grams or more of heroin. *Compare United States v. Munera,* 715 F.Supp. 612, 613 (S.D.N.Y.1989) (correcting improper sentence of special parole for March 16, 1986 crime of importing 510 kilograms of cocaine) *with United States v. Sanchez,* 687 F.Supp. 1254, 1255–57 (N.D.Ill.1988) (upholding special parole term for September 19, 1986 crime of possessing 168.22 grams of cocaine with intent to distribute).

However, defendant's legal arguments do not apply to the facts of his case. Mannino's sentences upon Counts twenty-six, twenty-eight and twenty-nine were suspended, and special parole is not a proper penalty for the conspiracy Count to which Mannino pled guilty. *See Bifulco, supra,* 447 U.S. at 400–01, 100 S.Ct. at 2258–59. It is thus clear that the five year term of special parole that the Court imposed on Mannino pursuant to 21 U.S.C. § 841 was a product of his plea of guilty to Counts twenty-three, twenty-four and twenty-five. As the Court has already recounted, the offenses in these Counts occurred on May 17, July 3 and July 10, 1984, before the October 12, 1984 effective date of the amendments to section 841.[3]

██ Because the term of special parole imposed by the Court was a penalty for the offenses that Mannino committed before the effective date of the relevant amendments to section 841, it is obvious that his application borders on the frivolous. *See, e.g., Garcia Montalvo v. United States,* 862 F.2d 425, 426–27 (2d Cir.1988). In fact, the Court notes that the term of special parole was a mandatory sentence with respect to the offenses committed in May and July of 1984. *See United States v. Quintana,* 673 F.2d 296, 298 (10th Cir.) ("special parole is not only an allowable sentence, but a mandatory one for distribution of

**2.** The *Bifulco* holding was abrogated by the Anti–Drug Abuse Act of 1988, Pub.L. 100–690, Tit. VI § 6470(a), 102 Stat. 4181, 4312, 4377 (1988). *See United States v. McNeese,* 901 F.2d 585, 602 n. 6 (7th Cir.1990).

**3.** At all times between May and July of 1984, 21 U.S.C. § 841(b)(1)(A), under which defendant's sentence of special parole was imposed, provided, in relevant part, as follows:

Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of ... a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was ... a prior conviction, impose a special parole term of at least six years in addition to such term of imprisonment.

heroin"), *cert. denied,* 457 U.S. 1135, 102 S.Ct. 2963, 73 L.Ed.2d 1353 (1982). Further, "[i]t is totally irrelevant that the statutory provision was subsequently repealed after petitioner committed the offense, pleaded guilty and was sentenced, because the new statute did not expressly provide otherwise with respect to the repealed statute." *Zapatero v. United States,* 713 F.Supp. 703, 705 (S.D.N.Y.1989) (Leisure, J.) (citing *United States v. Towne,* 870 F.2d 880, 887 (2d Cir.), *cert. denied,* 490 U.S. 1101, 109 S.Ct. 2456, 104 L.Ed.2d 1010 (1989)).

■ Not only was the five-year special parole term properly imposed at the sentencing herein, but the plain language of 21 U.S.C. § 841(c) provides guidance in the event Mannino should violate the terms and conditions of the special parole, after he completes his prison sentence. Under such circumstances, defendant may be required to serve a further term of imprisonment of part or all of the remainder of the special parole term, with no credit for time already spent on special parole.[4] The salutary purpose of this provision is to provide added inducement to Mannino that he not revert to prior illegal activities, upon his release from prison. *See, e.g., United States v. Ochs,* 490 F.Supp. 1206, 1216 (S.D.N.Y.) ("[i]n our judicial time, over and over again we have seen ... prisoners upon ... release either 'make good' in life or succumb sooner or later to the magnetism of the urge to pick up where they left off"), *aff'd,* 636 F.2d 1205 (2d Cir.1980), *cert. denied,* 451 U.S. 1016, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981).

For these reasons, defendant's motion is denied in its entirety.

SO ORDERED.

---

[4.] 21 U.S.C. § 841(c) provides, in relevant part, as follows:

A special parole term imposed under this section ... may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment.